BAY ET AL., APPELLANTS, *v.* ANDERSON HILLS, INC., APPELLEE.

(No. C-830700—Decided July 11, 1984.)

*Allen Brown,* for appellants.
*James G. Andrews, Jr.,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

This timely appeal follows the trial court's granting of a motion for summary judgment in favor of appellee pursuant to Civ. R. 56(B).

A review of the record discloses that the appellee is a non-profit corporation under the laws of Ohio, which functions as a private social, swim and recreational club. Appellants were members of the appellee club on September 7, 1981. It is undisputed that appellants and members of their family were on the appellee's club grounds attending a Labor Day picnic, when a very unpleasant melee occurred involving members of the appellants' family, their guest, and other members and guests of the appellee club. The affray involved physical contact and verbal obscenities which are not important here to relate. The appellee membership, through its governing board of trustees, expelled the appellants from membership as a result of the altercation, pursuant to its bylaws.

Appellants' single assignment of error alleges the trial court erred in granting appellee's motion for summary judgment.

Appellants initially argue that the trial court misconstrued the facts as set forth in affidavits and exhibits submitted by both appellants and appellee, and that said affidavits are contradictory. Our review of the record discloses no contradictory affidavits, and only one affidavit on behalf of appellants, which did not deal with the facts of the September 7, 1981 incident but only with the expulsion action of appellee. Appellee's affidavits detailed the incident and the affronts for which appellants were responsible, and appellee's affidavits remain unrefuted. The procedure outlined in expelling appellants from the club as set forth in all affidavits is not in conflict. Thus our review of the record reveals only evidence from which reasonable minds can come to but one conclusion as to the facts.

The remaining issue is one of law whereby appellants challenge the trial court's determination that their expulsion was not a wrongful act of appellee. R.C. 1702.11(A)(2) authorizes a non-profit corporation to promulgate rules and regulations which may include provisions for termination of members, as does R.C. 1702.13(C). Appellee's Code of Regulations in Article II, Section 4, provides:

"The Board of Trustees shall have power by a 2/3 vote to suspend or expel a member. The President of the House Committee shall have power to suspend any member from the privileges of the facilities until the next meeting of the Board of Trustees for conduct prejudicial to the good order or interest of the corporation. The conduct of the member's family and guests will be deemed to be the conduct of the member for the purpose of this section."

The record indicates that appellee complied with the regulation in the expulsion *sub judice*, but appellants argue that due process principles of notice and hearing are required to expel a member and that such due process was not afforded appellants in their expulsion. We agree and determine the Ohio law to be that a member who an association seeks to expel is entitled to due process and natural justice which requires reasonable notice and hearing with the opportunity to defend the charges. Courts will intervene where a denial of same has occurred in the expulsion of a member of an association organized for social purposes. *Normali* v. *C. A. L. U.* (1974), 39 Ohio App. 2d 25 [68 O.O.2d 169]; *Milkie* v. *Academy of Medicine* (1969), 18 Ohio App. 2d 44 [47 O.O.2d 33]; *Schwartz* v. *St. Elizabeth Roman and Greek Catholic Union* (1907), 9 Ohio C.C. (N.S.) 337, 19 Ohio C.D. 471; *Cheney* v. *Ketcham* (1898), 5 Ohio N.P. 139, 7 Ohio Dec. 183.

We therefore hold that appellants were wrongfully expelled from membership in appellee club and that liability for damages may be imposed as a remedy. *Fraternal Mystic Circle* v. *State, ex rel. Fritter* (1897), 61 Ohio St. 628; *Cheney* v. *Ketcham, supra.*

The judgment of the trial court is reversed and the case is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN and KLUSMEIER, JJ., concur.

KEEFE, P.J., concurs in judgment only.