NOZIK, Appellant,

v.

MENTOR LAGOONS YACHT CLUB et al., Appellees.

[Cite as *Nozik v. Mentor Lagoons Yacht Club* (1996), 112 Ohio App.3d 321.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–171.

Decided July 1, 1996.

*Albert C. Nozik,* pro se.

*David E. Cruikshank,* for appellees.

---

JOSEPH E. MAHONEY, Judge.

Plaintiff-appellant Albert C. Nozik appeals the judgment of the Mentor Municipal Court dismissing his complaint against defendants-appellees, Mentor Lagoons Yacht Club et al. ("Yacht Club" or "appellees"). For the reasons that follow, we affirm.

The facts of this case originate from a judgment entered by the Lake County Court of Common Pleas, and affirmed by this court, ordering the dissolution of Mentor Lagoons, Inc. ("Mentor Lagoons"). The dissolution was ordered because of a deadlock between the directors and shareholders of Mentor Lagoons. See *Nozik v. Mentor Lagoons, Inc.* (May 6, 1994), Lake App. No. 93–L–057, unreported, 1994 WL 188904. To carry out its order, the Lake County Court of Common Pleas appointed Theodore J. Dalheim as receiver to continue operating the corporation's affairs and to file a report with the court every three months until an appropriate dissolution could be completed.

Since that decision, an ongoing dispute between the receiver and appellant, who was a fifty-percent shareholder of Mentor Lagoons, developed. Appellant filed two civil rights actions under Section 1983, Title 42, U.S.Code, one in federal court and one in state court, alleging that, in violation of his constitutional rights, he was denied access to any property owned by Mentor Lagoons. Appellant's claims were based on statements allegedly made to him by Dalheim that appellant would be arrested and prosecuted for trespass should he, or anyone acting on his behalf, enter property owned by the corporation. Both the federal and state courts held that jurisdiction over appellant's claim and the actions of Dalheim rested exclusively in the pending receivership case. *Nozik v. Dalheim* (Aug. 31, 1993), N.D.Ohio No. 1:93CV1458, unreported; *McDonald v. Dalheim* (Jan. 14, 1994), Lake C.P. No. 93CV001325, unreported.

In these civil rights actions, appellant claimed, in part, that he was denied access to the clubhouse of the Yacht Club, facilities that appellees leased from Mentor Lagoons. Appellant apparently had been an honorary member of the Yacht Club for over twenty years. As an honorary member, appellant had no voting rights, no rights to hold office, and no financial obligation for club dues or assessments.

In a letter dated February 24, 1995, appellant requested from appellees the following records: (1) all of the minutes from meetings of the Yacht Club, (2) all of appellees' financial records, (3) complete membership records of the Yacht

Club, and (4) a mailing list. When appellees did not produce the records appellant requested, appellant filed a complaint and, later, an amended complaint. These pleadings sought, pursuant to R.C. 1702.15, monetary damages and a declaratory judgment ordering appellees to produce the records requested by appellant. In his amended complaint, appellant alleged that his purposes in requesting the records were to determine why appellant had received no notices of the club's meetings, to verify rumors appellant had heard regarding his absence from the activities of the club, and to allay the fear instilled in the membership of the club by the receiver of Mentor Lagoons.

In response to appellant's complaint, appellees filed, as one of many motions filed by both parties, a motion to dismiss or, in the alternative, a motion for summary judgment. In this motion, appellees argued that judgment should be entered in their favor because appellant's true controversy rested with a necessary party who could not be joined to that action: the receiver of Mentor Lagoons, who had not allowed appellant onto the Yacht Club's facilities. Furthermore, appellees argued that, pursuant to R.C. 1702.15, appellant lacked the requisite "reasonable and proper purpose" to examine the records of their nonprofit association. Appellant filed a response to appellees' motion to dismiss or in the alternative motion for summary judgment and attached an affidavit claiming that his purpose in examining the records of the Yacht Club was to verify information he received that he had been "excommunicated" from the club.

On October 3, 1995, the trial court held a hearing on the various motions filed by the parties. At the hearing, the trial court repeatedly asked appellant what his purpose was in requesting roughly thirty years' worth of the club's financial and membership records. Although acknowledging that it was the actions of Dalheim, and not appellees, that had prevented appellant access to the property where the clubhouse was located, appellant stated that he wished to view the records to determine why he had been excluded from the club that he had created and in which he holds an honorary membership. Furthermore, appellant stated that he had a right to check the records requested to confirm rumors, allegedly told to appellant by some unnamed source, that appellant had had his honorary membership revoked without notice or an opportunity to be heard.

At the hearing, the trial court queried whether a court order requiring the Yacht Club to keep appellant abreast of the club's activities would resolve the controversy alleged in his complaint. Appellant responded that he would not be amenable to such an order because he still would be unable to enter the clubhouse due to the threats made to him by Dalheim. Furthermore, in spite of appellees' stipulation on the record that appellant was still a member of the Yacht Club, and an offer to have the trial court verify this fact through an *in camera*

inspection of the records requested, appellant refused to accept that he had not been expelled from the club.

In a judgment entry filed October 5, 1995, the trial court granted appellees' motion to dismiss and overruled all other motions then pending before the court. In granting appellees' motion to dismiss, the trial court ruled that appellant was not a proper person to invoke R.C. 1702.15 because appellant's honorary membership could be revoked at any time and that, because of the situation existing with the receiver of Mentor Lagoons, appellant has no practical rights to assert.

From this judgment appellant filed a timely notice of appeal and, in four assignments of error, challenges the trial court's order dismissing appellant's complaint. Due to overlap in the arguments presented in appellant's multiple assignments of error, they will be discussed together.

Initially, we note that both parties, in their briefs to this court, acknowledge that the trial court could have considered appellees' motion to dismiss as a motion for summary judgment. In fact, in support of their motion to dismiss or in the alternative motion for summary judgment, appellees attached evidentiary materials outside the pleadings. Thus, although the trial court's judgment entry indicated that it was granting appellees' motion to dismiss, we conclude that the trial court actually granted appellees' motion for summary judgment. In *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 563 N.E.2d 713, the Supreme Court of Ohio stated that "[t]he fact that [a court] had before it matters outside the pleadings suggests that it actually granted a Civ.R. 56 motion for summary judgment, rather than [a dismissal of the complaint]." *Id.* at 97, 563 N.E.2d at 716. We further conclude that both parties had actual notice of this conversion as evidenced by their briefs to this court and appellant's motion in response to appellees' motion to dismiss and motion for summary judgment, which attached evidentiary material outside the pleadings. Accordingly, we shall review the trial court's determination under this standard.

Civ.R. 56(C), providing the standard governing motions for summary judgment, states that:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary

judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 46–47, 517 N.E.2d 904, 906–907.

■ Appellant argues that the trial court erred in denying him access to appellees' nonprofit corporate records. Appellant contends that he had an absolute right to these records pursuant to R.C. 1702.15, which provides the following: ·

"[A]ll books and records of a corporation, including the membership book prescribed by section 1702.13 of the Revised Code, may be examined by *any member* * * * for any *reasonable and proper purpose* and at any reasonable time." (Emphasis added.)

In its decision to grant appellees' motion, the trial court held that, as an honorary member, appellant held no practical rights within the club and, furthermore, could be stripped of said membership at any time. While we agree with the result reached by the trial court, we decline to accept the trial court's analysis in reaching its decision.

R.C. 1702.15 provides that *any* member, upon a reasonable and proper purpose, may review the books and records of a nonprofit corporation. The statute makes no mention of which type of membership a person must have and certainly includes no provision that the particular member seeking to review the corporate books must be in the good graces of whoever happens to be controlling the nonprofit corporation at the time of the request. Based on appellees' stipulation at the October 3, 1995 hearing that appellant was, in fact, an honorary member of the Yacht Club, appellant asserts that the corporate books should have been opened for his review. However, while appellant is now willing to accept appellees' stipulation that appellant is still a member of the Yacht Club, this does not necessarily mean that appellant is entitled to the relief he requests. As previously noted, R.C. 1702.15 requires that two elements be met before the books and records of a nonprofit corporation can be examined: (1) the person requesting the records must be a member of the organization, and (2) the member must have a "reasonable and proper purpose" for wanting to see the

corporate books. Based on his argument to this court, appellant does not meet the second of these two requirements.

A thorough review of the record in the case *sub judice* reveals that appellant is trying to have it both ways in an effort to open up appellees' books. Before this court, appellant has argued that he is a member of the Yacht Club and therefore entitled to review its books pursuant to R.C. 1702.15. However, this argument is counter to the "purpose" given before the trial court for requesting appellees' corporate books to be opened in the first place: to verify a rumor that appellant's membership had been revoked by the Yacht Club. Thus, when viewing the evidence in the light most favorable to appellant, appellant was either no longer a member of the Yacht Club or failed to present a "reasonable and proper purpose" in requesting appellees' corporate books. Consequently, appellant has failed to meet both of the required elements under R.C. 1702.15. This is not to say, as the trial court's judgment seems to imply, that appellant has no rights, based upon his honorary membership with the Yacht Club, which can be protected by the courts. See *Bay v. Anderson Hills, Inc.* (1984), 19 Ohio App.3d 136, 19 OBR 225, 483 N.E.2d 491 (holding that damages can be imposed if a member of a social club is expelled without reasonable notice and an opportunity to defend against the charges). However, that case is not presently before us, and appellant simply has not met the prerequisites requiring appellees to turn over the books and records of the Yacht Club under R.C. 1702.15.

Accordingly, appellant's assignments of error are without merit.

■ Finally, appellees ask this court to award them reasonable attorney fees, pursuant to App.R. 23, which states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and cost." A frivolous case under App.R. 23 has been defined as presenting no reasonable question for review. *Danis Montco Landfill Co. v. Jefferson Twp. Zoning Comm.* (1993), 85 Ohio App.3d 494, 498, 620 N.E.2d 140, 142–143. As has been previously discussed, there was some question as to whether appellant, as an honorary member of the Yacht Club, could review the nonprofit corporation's records under R.C. 1702.15. Thus, appellees' request for attorney fees is hereby denied.

Based on the foregoing, we affirm the judgment of the trial court.

*Judgment affirmed.*

NADER, J., concurs.

CHRISTLEY, P.J., concurs separately.

CHRISTLEY, Presiding Judge, concurring separately.

I disagree with the majority's opinion that appellant's status as an honorary member is equivalent to the use of the word "member" in R.C. 1702.15. It is my opinion that the term "member," as used in R.C. 1702.15, is any member who has met the requirements of membership in that particular nonprofit corporation. Here, no one contests that appellant had no voting rights, had no obligation to pay dues or assessments, and had not paid or bartered any consideration in exchange for the honorary membership. That is to say, the honorary membership was not received as part of any contract or agreement made with the Yacht Club. To me, it is therefore apparent that the membership was one which could, in fact, be terminated at any time by a vote of the directorship. That being the case, I would find that the trial court was correct in determining that, on the basis of this honorary membership, appellant had no standing to ask for a review of the corporate books.

Other than that, I concur with the majority's holding and the balance of its opinion.