[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 MEMORANDUM OPINION
This is an accelerated appeal taken from a judgment of the Lake County Court of Common Pleas. Appellants, Hazelwood Builders, Inc. and Robert E. Gibbs, attempt to appeal from an order of the trial court finding them in contempt of court. As explained below, we have determined that the appeal is subject to dismissal for a variety of reasons.
In a judgment entry dated April 15, 1998, the trial court found appellants to be in contempt of court for their failure to abide by an April 23, 1996 order. The judgment, however, included language affording appellants the opportunity to purge themselves of the contempt by correcting their violations of the previous order within ninety days of the filing of the April 15, 1998 entry. In the event appellants failed to purge the contempt on or before the expiration of ninety days, the trial court ordered that they be fined $5,000, plus an additional $100 for each day the violations remained uncorrected.
On May 14, 1998, appellants filed a notice of appeal from this judgment entry. In Concord Twp. Trustees v. Hazelwood Builders,Inc. (Aug. 14, 1998), Lake App. No. 98-L-110, unreported, this court dismissed the appeal for lack of a final appealable order.
Our rationale for doing so was based on the fact that contempt of court consists of two elements: (1) a finding of contempt; and (2) the imposition of a penalty or sanction. Until both are imposed by the trial court, there is no final order from which an appeal can be taken. A contempt citation is not a final appealable order if it only imposes a conditional sanction coupled with the opportunity to purge the contempt. This rule holds true even where the citation establishes an absolute deadline for the contemnor to correct the violation upon which the contempt finding was predicated.
On August 13, 1998, appellants filed a second notice of appeal from the April 15, 1998 judgment entry. This is the basis of the instant appeal. The second appeal was filed by appellants one day before our dismissal of their first appeal.
Appellees, the Concord Township Trustees and Russell D. Schaedlich, filed a motion to dismiss the present appeal on August 18, 1998. The motion also requested that this court award attorney fees and costs to appellees pursuant to App.R. 23 as a means of penalizing appellants for filing a frivolous appeal.
Appellants responded by submitting a brief in opposition to appellees' motion to dismiss and for attorney fees and costs. Thereafter, on September 4, 1998, appellees renewed their motion.
Upon review, we hereby grant appellees' August 18, 1998 motion to dismiss the instant appeal for three reasons.
First, the April 15, 1998 judgment entry is not a final appealable order for the reasons explained in our prior dismissal of this matter. There is no final order until the trial court issues a new judgment entry imposing an immediate sanction on appellants based on a finding that they did not purge themselves of the contempt.
Second, this appeal is not timely pursuant to App.R. 3(A) and 4(A). Appellants filed their notice of appeal on August 13, 1998 from a judgment entered by the trial court on April 15, 1998. The failure to file a timely notice of appeal is a jurisdictional defect, thereby requiring dismissal of the appeal. State ex rel.Boardwalk Shopping Center, Inc. v. Court of Appeals for CuyahogaCty. (1990), 56 Ohio St.3d 33, 36.
Finally, it is apparent that appellants filed duplicate appeals from the same judgment entry. Although the appeals were separated in time by almost three months, both emanated from the trial court's April 15, 1998 judgment entry. A duplicate appeal is subject to dismissal. State v. Sopjack (Jan. 31, 1997), Geauga App. No. 96-G-2024, unreported.
We now turn to appellees' motion for attorney fees and costs brought pursuant to App.R. 23. This rule provides:
 "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."
Although App.R. 23 provides that reasonable expenses may be assessed against an appellant who brings a frivolous appeal, it does not define what constitutes such frivolity. Ohio courts, however, have construed a frivolous appeal as one which presents no reasonable question for review. See, e.g., Taylor v. FranklinBlvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27, 32; Talbottv. Fountas (1984), 16 Ohio App.3d 226. This court has likewise endorsed this interpretation of App.R. 23. See, e.g., Nozik v.Mentor Lagoons Yacht Club (1996), 112 Ohio App.3d 321, 326.
In their motion for attorney fees and costs, appellees argue that the present appeal should be deemed frivolous because appellants are merely attempting to avoid complying with the trial court's order. Appellees also point out that the appeal is duplicative.
In their defense, appellants maintain that they did not file the second notice of appeal for frivolous or obstructionist purposes, but rather for the legitimate reason that they were confused as to if and when the April 15, 1998 judgment entry would become appealable. As described earlier, this judgment entry found appellants in violation of a previous court order and allowed them ninety days in which to purge the contempt. The ninety days ostensibly expired on July 14, 1998. Under the belief that the April 15, 1998 order may have become appealable at the expiration of the purge period, appellants concluded that they had to file a notice of appeal within thirty days of July 14, 1998.
Appellants ultimately filed the instant appeal on August 13, 1998. This was just prior to the release of this court's opinion dismissing their first appeal for lack of a final appealable order. In this opinion, we effectively held that the April 15, 1998 judgment entry could never amount to a final order. Instead, no final order would be achieved until the trial court issued a new judgment entry imposing an immediate sanction on appellants based on their failure to purge the contempt.
As a general matter, a duplicative appeal that merely attempts to relitigate issues that have previously been decided is a viable basis upon which to award attorney fees and costs pursuant to App.R. 23. See, e.g., Tessler v. Ayer (1995), 108 Ohio App.3d 47,57-58. In this case, however, appellants offered a plausible explanation as to why they filed a second notice of appeal from the same judgment entry. Of particular importance is the fact that the second appeal was filed immediately before the release of our opinion explaining why the April 15, 1998 judgment entry was not a final appealable order.
Arguably, the August 13, 1998 appeal was not frivolous because appellants may have legitimately believed that the April 15, 1998 judgment entry became appealable at the expiration of the ninety-day purge period on July 14, 1998. While we appreciate their frustration, appellees' motion for attorney fees and costs is hereby overruled.
As stated previously, though, the present appeal was not taken from a final appealable order, was not timely pursuant to App.R. 3(A) and 4(A), and was duplicitous. Accordingly, appellees' motion to dismiss is granted.
 Appeal dismissed. _____________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J.,
O'NEILL, J., concur.