While I concur wholeheartedly with the majority's disposition of plaintiff-appellant's three assigned errors, I am compelled to address an additional matter raised during oral argument by defendant-appellee regarding the issue of the frivolous nature of the instant appeal. Pursuant to App.R. 23, an appellate court may assess attorney fees and costs against a party whose appeal presents no reasonable question for review. Talbott v. Fountas
(1984), 16 Ohio App.3d 226, 475 N.E.2d 187; Nozik v. Mentor LagoonsYacht Club (1996), 112 Ohio App.3d 321, 326, 678 N.E.2d 948. Sanctions under App.R. 23 serve two important functions: they compensate the non-appealing party for the expense of having to defend a spurious appeal and, by deterring frivolity, they help preserve the appellate calendar for cases truly worthy of consideration. Tessler v. Ayer (1995), 108 Ohio App.3d 47, 58,669 N.E.2d 891, quoting Nwabara v. Willacy (May 6, 1994), Cuyahoga App. No. 65450, unreported.
In the case sub judice, the record from the trial court is completely devoid of any evidence documenting the out-of-pocket expenses allegedly incurred by plaintiff-appellant, as set forth in her first assignment of error. The remaining assigned errors were waived since plaintiff-appellant failed to object to the alleged trial court improprieties. Absent the least scintilla of documentary evidence in support of plaintiff-appellant's contention, it is apparent that the instant appeal is indeed frivolous as no reasonable question for review was presented in this case. Therefore, this court hereby directs each party to appear for a hearing on attorney fees and costs at a date to be scheduled by this court.