OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, sustaining the motion for summary judgment filed by defendants-appellees, Richard A. Marsico, et al, against plaintiffs-appellants, Arthur Wolfcale, Jr., et al, and sustaining in part and overruling in part a motion for summary judgment filed by appellants against appellees.
Appellants own real property along Leffingwell Road in Canfield Township. On March 13, 1997 and March 14, 1997, Tri County Tree Specialists (Tri County), acting upon the request of Mahoning County Engineer Richard A. Marsico (Marsico), removed twenty-one trees from the right-of-way located on appellants' property. Marsico based his decision to have the trees removed upon the need for public safety.
On November 18, 1997, appellants filed a complaint against Marsico, Tri County and the Mahoning County Board of Commissioners (Commissioners), alleging that Tri County trespassed upon appellants' land and unlawfully removed twenty-one trees. Appellants' complaint demanded treble damages pursuant to R.C.901.51. Appellants and Tri County each filed a motion for summary judgment. The trial court sustained Tri County's motion, finding no tort liability. The trial court sustained appellants' motion in part, finding Mahoning County liable to appellants for the value of the trees. However, with respect to Tri County's liability and appellants' right to treble damages, the trial court overruled appellants' motion. This appeal followed.
Appellants' sole assignment of error on appeal alleges:
 "The trial court erred in granting summary judgment in favor of Tri County Tree Specialists."
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo review of the record. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is governed by Civ.R. 56 (C), which states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346; Civ.R. 56 (C).
The Ohio Supreme Court in Dresher v. Burt (1996),75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court in Dresher, supra further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial.
Tri County's authority to remove the trees is in dispute. The trial court found that Tri County removed the trees while under contract with Mahoning County. However, there is no evidence in the record to establish such a contractual relationship.
Scott A. Sisek, owner of Tri County, claimed to have signed a contract on November 20, 1996 to provide tree cutting services to Mahoning County. (Defendant's Exhibit E, attached to Tri County's motion for summary judgment). Likewise, Marsico stated that Mahoning County, pursuant to resolution of award RES 97-368, contracted with Tri County prior to March 1997 for the removal of trees. (Defendant's Exhibit A, attached to Tri County's motion for summary judgment). Resolution of award RES 97-368, however, was not approved until November 20, 1997. (Defendant's Exhibit C, attached to Tri County's motion for summary judgment). Furthermore, the only contract in the record is a written agreement dated November 20, 1997 which is more than eight months after appellants' trees were removed. (Defendant's Exhibit D, attached to Tri County's motion for summary judgment). There is thus a valid dispute as to whether Tri County was authorized to enter appellants' land and remove their trees.
Tri County insists that, although not in the record, a contract was formed in 1996. Nonetheless, Tri County argues that absence of a contract does not mean that it lacked authority to enter appellants' land and remove their trees. Tri County contends that Mahoning County had an absolute right to remove the trees from the right-of-way by virtue of an easement. It argues that pursuant to that right, Marsico granted it authority to remove the trees. Tri County concludes, therefore, that the trial court properly granted its motion for summary judgment.
Contrary to Tri County's contention, Marsico did not have authority to remove appellants' trees absent appellants' consent. Pursuant to R.C. 5543.01, the county engineer has general authority to improve and maintain highways within his county. Likewise, R.C. 5543.12 provides:
 "The county engineer or anyone acting under his authority, when authorized by the board of county commissioners or board of township trustees, may enter immediately:
 "(A) Upon any lands adjacent to any of the highways in the county for the purpose of opening an existing ditch or drain, or for digging a new ditch or drain for the free passage of water for the drainage of highways;
"* * *
 "(C) Upon the lands adjoining a highway, which, during the spring freshets or at a time of high water, are subject to overflow from such rivers, streams, or creeks, to remove or change the position of a fence or other obstruction preventing the free flow of water under or through a highway, bridge, or culvert * * *."
The statutes cited above do not include any provisions authorizing the removal of trees. Instead, the removal of trees and shrubs is authorized by R.C. 5543.14, which provides in pertinent part, "with the consent of the abutting landowner, the county engineer shall have control of all trees and shrubs in the county roads of his county * * *." (emphasis added)[1]. Appellants claim that they never consented to the removal of their trees. In fact, they insist that they objected to Tri County being on their property. Without appellants' consent, Marsico had no authority to enter upon appellants' land and remove their trees. If appellants contentions are true, it thus follows that Tri County had no authority to remove appellants' trees. In its answer, Tri County specifically denied appellants' assertion that they did not consent to the tree removal. Therefore, a question of fact exists for consideration by the trier-of-fact.
Tri County further notes that the trial court granted appellants summary judgment with respect to their claim against the Commissioners and Marsico. The trial court found that pursuant to Section 19, Article I, Ohio Constitution, Mahoning County could not take the trees without compensating appellants. Tri County argues that this was the proper result. Tri County claims that allowing appellants to recover from it would amount to a windfall. However, public policy and reason clearly dictate that Tri County is liable for its own tortious behavior irrespective of whether someone else is also liable. The trial court's ruling on Mahoning County's liability is thus irrelevant to this appeal. If Tri County had no authority to remove the trees, appellants are permitted to proceed with their action.
Appellants further argue that the trial court erred in granting Tri County summary judgment on the issue of treble damages. Appellants claim that upon discovering Tri County on their property, they objected. They insist that Tri County continued to remove the trees despite their disapproval. Appellants argue that this amounted to reckless disregard of their rights.
Tri County demands that it was cloaked with authority to remove the trees. It contends that treble damages are therefore inappropriate.
R.C. 901.51 provides:
 "No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.
 "In addition to the [criminal sanctions] provided in section 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused."
To ascertain whether appellants are entitled to treble damages, it is necessary to determine whether Tri County had authority to remove the trees. Again, such authority could only arise if appellants consented to the tree removal. This is a question of fact for the trier-of-fact to determine.
Nonetheless, Tri County insists that Marsico is immune from liability because of the discretionary nature of tree removal. Tri County claims that it was acting under Marsico's direction. It argues that it is therefore protected under sovereign immunity.
R.C. 2744.03 provides in pertinent part:
 "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
"* * *
 "(2) The political subdivision is immune from liability if the conduct of the employee * * * was required by law or authorized by law, or if the conduct * * * was necessary or essential to the exercise of powers of the political subdivision or employee."
Appellants argue that Tri County is an independent contractor and is thus explicitly excluded from immunity laws. R.C. 2744.01 (B) provides in part that "`employee' does not include an independent contractor * * *."
If the trier-of-fact finds that appellants consented to the tree removal, it must then consider whether Tri County was acting as an employee or an independent contractor. If Tri County was an independent contractor, it is not protected by sovereign immunity.
Finally, Tri County moves this court to award it fees and costs, arguing that this is a frivolous appeal. App.R. 23 states, "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."
A frivolous appeal under App.R. 23 is one that presents no reasonable question for review. Nozik v. Mentor Lagoons YachtClub (1996), 112 Ohio App.3d 321, 326. Because Tri County's authority to remove the trees presents a reasonable inquiry on appeal, Tri County's motion is hereby overruled.
Because there is a question regarding Tri County's authority to remove appellants' trees, summary judgment as to Tri County's liability for negligence and for treble damages was not proper.
Appellants' sole assignment of error is found to be with merit.
The judgment of the trial court is hereby reversed and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.
Donofrio, J., concurs. Vukovich, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE
[1] R.C. 5543.14 was amended in 1998 by Am.Sub.H.B. No. 653, which provides in pertinent part, "The county engineer may trim or remove any and all trees, shrubs, and other vegetation growing in or encroaching onto the right-of-way of the county roads of the engineer's county * * *." The amended version of R.C. 5543.14
does not require the land owner's consent.