THE STATE, EX REL. BARAN, APPELLANT, *v.* FUERST, CLERK OF COMMON PLEAS COURT, CUYAHOGA COUNTY, APPELLEE.

[Cite as State, ex rel. Baran, *v.* Fuerst (1990), 55 Ohio St. 3d 94.]

(No. 89-1176—Submitted August 29, 1990—Decided December 5, 1990.)

*Paul Mancino, Jr.* and *Edward Galaska,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Michael P. Butler,* for appellee.

*Per Curiam.* Baran contends that the court of appeals erred in dismissing his complaint. For the reasons that follow, we agree.

Baran first argues that the judgment entered below is invalid because only two judges disposed of the motion to dismiss. He maintains that pursuant to R.C. 2501.012(A), three judges must decide a case. In part, this statute provides that "[i]n the eighth district, any three judges shall comprise the court of appeals in the hearing and disposition of cases * * *." See, also, Section 3(A), Article IV of the Ohio Constitution, which provides, in part, that "* * * [i]n districts having additional judges, three judges shall participate in the hearing and disposition of each case." To support his assertion that three judges did not participate, Baran relies on the fact that the entry dismissing his complaint reflects the names of only two judges.

We find that Baran has failed to present sufficient evidence to support his assertion that only two judges participated in the case below. All that he offers by way of proof is the journal entry and opinion, which was signed by Presiding Judge Nahra and reflected the concurrence of Judge Dyke. But the number of judges participating in a case may be greater than the signatures on a journal entry would indicate. The Rules of Appellate Procedure do not specify that each participating judge must sign entries. To the contrary, all that is required is the signature of one judge. See App. R. 22(A), which provides that "[a]ll judgments shall be in the form of a journal entry signed by *a judge* of the court and filed with the clerk." (Emphasis added.) Accordingly, we reject Baran's first proposition of law.

In his second proposition of law, Baran argues that the appellate court erred to the extent it relied on Civ. R. 12(B)(6) to dismiss the action. He maintains that the complaint sets forth a claim upon which relief can be granted. We agree.

In *State, ex rel. Alford,* v. *Willoughby Civil Service Comm.* (1979), 58 Ohio St. 2d 221, 12 O.O. 3d 229, 390 N.E. 2d 782, mandamus denied in part on further appeal (1981), 67 Ohio St. 2d 260, 21 O.O. 3d 163, 423 N.E. 2d 457, we reversed and remanded a case that had been dismissed under Civ. R. 12(B)(6). We found that the complaint stated a claim by alleging that certain unskilled laborers were classified civil servants, that they were entitled to the protections of R.C. Chapter 124, that the laborers were unlawfully discharged due to a school board's failure to comply with that chapter, and that they had no adequate remedy at law.

In *State, ex rel. Bush,* v. *Spurlock* (1989), 42 Ohio St. 3d 77, 537 N.E. 2d 641, we found that a complaint was sufficient to withstand challenges under, *inter alia,* Civ. R. 12(B)(6) because it contained allegations similar to those before us in *Alford, supra.* In *Bush, supra,* the appellants alleged that they were classified civil servants, that they were entitled to the protections of R.C. 124.321 *et seq.* regarding layoff procedures, that they had been unlawfully laid off or demoted by appellees because appellees had not observed those protections, and that their request for the damages specified in the complaint had been refused by appellees.

Here, the complaint contains allegations similar to those before us in *Alford, supra,* and *Bush, supra.* Baran alleged that he was in the classified service, that under Ohio law he was entitled to employment and back pay for the period in question, that the clerk contravened the board's order and Ohio law by refusing to restore him to his former or equivalent position and to pay his salary plus interest and other employment benefits for the period in question, and that he had no plain and adequate remedy at law. Thus, based on *Alford* and *Bush,* we find that the court of appeals erred to the extent it relied on Civ. R. 12(B)(6) to dismiss the action below.

In his third proposition of law, Baran argues that the appellate court erred by converting the motion to dismiss into one for summary judgment without notifying the parties of its intention. To support this argument, he relies on *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 4 OBR 396, 447 N.E. 2d 1285, in which we held in the second paragraph of the syllabus that "[a] court must notify all parties that it has converted a motion to dismiss for failure to state a claim into a motion for summary judgment 'at least fourteen days before the time fixed for hearing.' (Civ. R. 12[B] and 56[C], applied and construed.)"

The clerk does not dispute that the parties were not notified of a conversion. He does, however, argue that because the court of appeals did not specifically state that it was converting the motion, no conversion occurred. Alternatively, the clerk argues that any conversion was harmless.

We find that the court of appeals intended to convert what is, from all appearances, a Civ. R. 12(B)(6) motion to dismiss into a motion for summary judgment. In the dismissal entry, the court of appeals stated that "[r]elator does not dispute the accuracy of respondent's assertion that relator pled guilty to a crime which occurred on November 5 1987 * * *." This matter is outside the pleadings. The fact that the court of appeals had before it matters outside the pleadings suggests that it actually granted a Civ. R. 56 motion for summary judgment, rather than dismissed a complaint pursuant to Civ. R. 12(B)(6). See *State, ex rel. Scanlon,* v. *Deters* (1989), 45 Ohio St. 3d 376, 544 N.E. 2d 680. Having failed to notify the parties of the conversion, the court of appeals erred.

Further, and contrary to the clerk's assertion, the conversion was not harmless. As discussed *infra,* a summary judgment against Baran is not appropriate in any event.

In his third proposition of law, Baran also argues that the court of appeals erred in entering summary judgment against him because the complaint met each of the requirements for issuance of a writ of mandamus. Whether he is entitled to a writ is a matter that we remand to the court of appeals for further consideration.

We do, however, find that a summary judgment against Baran is not appropriate. Civ. R. 56(C) provides in part that "[s]ummary judgment shall be rendered forthwith if * * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Here, a genuine issue exists as to several material facts. Most notably, there are genuine issues whether the suspension order was withdrawn following the clerk's filing of the motion to withdraw and the removal order, and whether the board ordered Baran's reinstatement for the period while he was under suspension.

For the foregoing reasons, the judgment of the court of appeals is

reversed, and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES and RESNICK, JJ., dissent.