[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 94.]

THE STATE EX REL. BOGGS ET AL., APPELLANTS, *v*. SPRINGFIELD LOCAL
SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn*.,
1995-Ohio-202.]

*Mandamus—Civ.R. 12(B)(6) motion to dismiss improperly used by court, when.*

(No. 94-436—Submitted March 7, 1995—Decided April 26, 1995.)

Appeal from the Court of Appeals for Summit County, No. 16451.

_____

{¶ 1} According to the amended complaint, appellants/relators were employed as bus drivers under a collective bargaining agreement with the Springfield Local School District Board of Education. On August 31, 1993, the agreement expired by its own terms. The agreement was not extended by the union.

{¶ 2} On September 13, 1993, the board authorized its superintendent to enter into a pupil transportation contract with an outside third party. In the same resolution, the board stated that the bus driver positions would be abolished once the third-party contract was effective.

{¶ 3} Relators allege that their group comprises continuing contract employees and limited contract employees pursuant to R.C. 3319.081. Following the board's September 13, 1993 authorization to enter into the transportation agreement, relators demanded that the board honor their statutory contracts.

{¶ 4} On or about September 23, 1993, the superintendent sent notice to the relators that all bus drivers could be laid off effective October 8, 1993. On or about October 1, 1993, the board tendered its final offer to the relators, stating that the parties were at an ultimate impasse and that the terms of the final offer would be implemented at the close of business on October 8, 1993. Relators rejected the final offer and again demanded that the board honor their statutory contracts.

**{¶ 5}** On Saturday October 9, 1993, the board executed a pupil transportation contract with a third party. Two days later, on Monday, October 11, 1993, relators' jobs were abolished.

**{¶ 6}** This action in mandamus was initiated on September 17, 1993, after the board authorized its superintendent to enter into the pupil transportation contract, but before relators' jobs were abolished on October 11, 1993. Relators allege that the board terminated their statutory contracts in violation of their statutory contracts. Relators seek to compel the board to reinstate the relators to their positions as bus drivers, to award back pay and all benefits from October 11, 1993, and to recognize the relators' continuing and limited contracts under R.C. 3119.081 *et. seq.*

**{¶ 7}** The board filed no answer, but on September 30, 1993, filed a motion to dismiss the complaint because (1) it had not been brought in the name of the state of Ohio, and (2) it failed to state a claim upon which relief could be granted. The board's motion included several attachments. Relators filed a supplemental complaint on October 18, 1993, bringing the action in the name of the state of Ohio and restating many of the facts from the original complaint.

**{¶ 8}** On December 23, 1993, the parties argued the case before the court of appeals. On January 19, 1994, the court of appeals denied relators' petition for a writ of mandamus and dismissed the case. The cause is now before us upon an appeal as of right.

_____

*Lucas, Prendergast, Albright, Gibson & Newman* and *James E. Melle*, for appellants.

*Johnson, Balazs & Angelo* and *Michael J. Angelo*, for appellee.

_____

***Per Curiam.***

**{¶ 9}** A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381. In reviewing the complaint, the court must take all of the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

**{¶ 10}** "'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.'" *Id.,* quoting *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

**{¶ 11}** Thus, a complaint for a writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for the relator with sufficient particularity to put the respondent on notice of the substance of the claim(s) being asserted against it, and it appears that the plaintiff might prove some set of facts entitling him to relief.

**{¶ 12}** The relators' complaint below complies with this standard.[1] The complaint alleges the existence of a clear legal duty by the board and the lack of an

---

1. The amended verified complaint provides in part:

"1. * * * [Certain named relators] are employees of [the board], each of whom hold[s] continuing contracts of employment pursuant to R.C. 3319.081.

"2. * * * [Other named relators] are not yet continuing contract employees pursuant to R.C. 3319.081, but, have limited contracts of employment for the school year 1993-1994 with Respondent.

"* * *

"6. All Relators demanded that Respondent honor their contracts and their tenure.

"* * *

adequate remedy by the relators with sufficient particularity to put the respondent on notice of the relators' claims against it. *State ex rel. Hanson, supra,* 65 Ohio St.3d at 548-549, 605 N.E.2d at 381-382. Further, the complaint alleges facts which, if proven, might entitle the relators to relief. *O'Brien, supra*, 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Thus, the complaint states a claim against the board.

{¶ 13} Further, under Civ.R. 12(B)(6), respondent was not permitted to support its motion to dismiss by relying on anything outside of the complaint:

"[T]he movant may not rely on allegations or evidence outside the complaint; otherwise, the [Civ.R. 12(B)(6)] motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment. * * * Even then, only certain forms of evidence may be submitted to support the motion." (Citations omitted.) *State ex rel. Hanson, supra*, 65 Ohio St.3d at 548, 605 N.E.2d at 381.

{¶ 14} Thus, if the court of appeals below relied upon the documents attached to the board's motion in rendering its decision, the court was required to convert the motion to dismiss into one for summary judgment. *Id.* Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716. The court of appeals below gave no notice that it was converting respondent's motion to dismiss into one for summary judgment.

---

"10. On or about Saturday October 9, 1993 Respondent executed a pupil transportation contract with Seattle (Ex. 10) and effective Monday October 11, 1993 Relators jobs were purportedly abolished.

"11. Because Respondent has not complied with Relators' rights under R.C. 3319.081 *et. seq*., the contract entered into with Seattle is neither valid nor effective.

"* * *

"13. Relators have a clear legal right to be reinstated to their positions pursuant to their continuing and limited contracts with Respondent and to receive all back pay and benefits from September 13, 1993. Respondent has a clear legal duty to honor the continuing and written contracts of Relators and pay them back pay for the period of time that they have been wrongfully excluded from employment. Relators have no adequate remedy at law."

**{¶ 15}** Instead, the court of appeals stated:

"[T]he relators in this case have not shown a clear legal right to be reinstated, nor have they demonstrated that no other plain and adequate remedy exists in the ordinary course of the law to vindicate whatever contractual rights they may have with respect to their continuing contracts of employment. *Moreover, the relators' contention that their positions were not, in fact, abolished is a factual determination to be made in an appropriate civil action and not the subject for an action in mandamus.* Accordingly, because the relators have not established a clear legal right to the relief sought, we deny a writ of mandamus."

**{¶ 16}** Under Civ.R. 12(B)(6), the court was required to take all of the factual allegations in the relators' complaint as true, including those regarding the abolition of relators' positions. *State ex rel. Hanson, supra*, 65 Ohio St.3d at 548, 605 N.E.2d at 381. The court did not do so. Therefore, the court did not properly use Civ.R. 12(B)(6) as the basis of its decision.

**{¶ 17}** Further, the court did not base its decision on Civ.R. 56. Under Civ.R. 56(C), a court may only grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). The factual question noted by the court of appeals regarding the abolition of relators' positions appears to involve a genuine issue of material fact and, therefore, should have prevented the granting of summary judgment on the board's behalf. *State ex rel. Baran, supra*, 55 Ohio St.3d at 97, 563 N.E.2d at 716. Moreover, this issue need not be resolved only in a contract action. We have held that a contract action is not an adequate legal remedy for enforcing a right to continued public employment. *State ex rel. Donaldson v. Athens City School Dist. Bd. of Edn*. (1994), 68 Ohio St.3d 145, 149, 624 N.E.2d 709, 713.

**{¶ 18}** Additionally, the evidence attached to the board's motion was not of the form that may be used to support a motion for summary judgment. Under Civ.R. 56(C), only "depositions, answers to interrogatories, written admissions,

5

affidavits, transcripts of evidence in the pending case, and written stipulations of fact" are permitted to support a motion for summary judgment. Civ.R. 56(C). The letters, contract proposals, and board minutes attached to the board's motion do not fit any of the categories listed in Civ.R. 56. No affidavits or authenticating testimony for these documents was attached to respondent's motion. Thus, none of the board's evidence properly supports a motion for summary judgment. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703. Therefore, the court could not have properly rendered its decision based on Civ.R. 56.

{¶ 19} This was error. *State ex rel. Hanson, supra*, 65 Ohio St.3d 545, 605 N.E.2d 378. Accordingly, we reverse the judgment of the court of appeals and remand the cause for further proceedings on the relators' complaint.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT and COOK, JJ., not participating.

_____