DECISION
{¶ 1} On July 25, 2002, relator, Ronald C. Huffman, filed a petition for a writ of prohibition, seeking to prevent respondent, Donald A. Cox, a retired judge, from exercising continuing jurisdiction over a post-divorce decree motion for contempt filed by intervening-respondent, Karen Huffman ("Huffman"), in the Franklin County Court of Common Pleas, Division of Domestic Relations. Huffman filed a motion to dismiss the petition for failure to state a claim upon which relief in petition can be granted.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant Huffman's motion to dismiss. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As no objections have been filed to the magistrate's decision, and as it contains no error of law or other defect on its face, based upon an independent review of the record, this court adopts the magistrate's decision. Relator's request for a writ of prohibition is denied.
Writ of prohibition denied.
PETREE, P.J., and McCORMAC, J., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 DECISION IN PROHIBITION ON INTERVENING RESPONDENT'S MOTION TO DISMISS {¶ 4} In this original action, relator, Ronald C. Huffman, requests a writ of prohibition ordering respondent Donald A. Cox, a retired judge, to desist from the exercise of continuing jurisdiction over a post-divorce decree motion for contempt filed by intervening-respondent, Karen Huffman, on July 8, 2002, in the Franklin County Court of Common Pleas, Division of Domestic Relations ("common pleas court").
Findings of Fact:
 {¶ 5} 1. On July 25, 2002, relator filed this original action for a writ of prohibition.
 {¶ 6} 2. According to the complaint, relator is the defendant in a divorce action filed by Karen Huffman in the common pleas court.
 {¶ 7} 3. According to the complaint, pursuant to an agreed entry, the divorce action was referred to respondent, a retired common pleas court judge, pursuant to R.C. 2701.10. Pursuant to the R.C. 2701.10
assignment, respondent rendered a decision and judgment in the divorce action.
 {¶ 8} 4. According to the complaint, on September 20, 2001, respondent signed and filed an entry purporting to dereference respondent from all pending motions and any future post-decree matters.
 {¶ 9} 5. According to the complaint, on July 8, 2002, Karen Huffman filed in the common pleas court a motion that relator be held in contempt for his alleged violation of respondent's divorce decree of April 5, 2001.
 {¶ 10} 6. According to the complaint, upon Karen Huffman's filing of the July 8, 2002 contempt motion, respondent ordered relator to appear before him on July 29, 2002.
 {¶ 11} 7. According to the complaint, respondent lacks jurisdiction to order relator to appear before him to answer the contempt matter. Relator requests a writ of prohibition restraining respondent from proceeding to hear the contempt motion and restraining respondent from proceeding on any other post-decree matter.
 {¶ 12} 8. On September 27, 2002, Karen Huffman filed a Civ.R. 24(A) application to intervene which this magistrate granted.
 {¶ 13} 9. On October 31, 2002, Karen Huffman moved to dismiss this action for the failure of relator to state a claim upon which relief in prohibition can be granted.
 {¶ 14} 10. Relator has failed to file a brief in opposition to the intervenor Karen Huffman's motion to dismiss.
Conclusions of Law:
 {¶ 15} It is the magistrate's decision that this court grant intervenor Karen Huffman's motion to dismiss for the failure of the complaint to state a claim upon which relief in prohibition can be granted.
 {¶ 16} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. In reviewing the complaint, this court must take all the material allegations as admitted and construe all reasonable inferences in favor of relator. Id.
 {¶ 17} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recover. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242.
 {¶ 18} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70,73. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.
 {¶ 19} A writ of prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court. State ex rel. Eaton Corp v. Lancaster (1988), 40 Ohio St.3d 404, 409; State ex rel. Staton v. Franklin Cty. Common Pleas Court (1965), 5 Ohio St.2d 17, 21; Tubbs Jones, supra, 84 Ohio St.3d at 73.
 {¶ 20} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the ordinary court of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178.
 {¶ 21} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. State ex rel. Adams v. Gusweiler (1972),30 Ohio St.2d 326, 329. State ex rel. Sladoje v. Belskis,149 Ohio App.3d 190, 197, 2002-Ohio-4505, at ¶ 42-47.
 {¶ 22} R.C. 3105.011 states:
 {¶ 23} "The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. * * *"
 {¶ 24} R.C. 2701.10(A) states:
 {¶ 25} "(A) Any voluntarily retired judge, or any judge who is retired under Section 6 of Article IV, Ohio Constitution, may register with the clerk of any court of common pleas, municipal court, or county court for the purpose of receiving referrals for adjudication of civil actions or proceedings, and submissions for determination of specific issues or questions of fact or law in any civil action or proceedings, pending in the court. * * *"
 {¶ 26} R.C. 2701.10(B)(1) states:
 {¶ 27} "The parties to any civil action or proceeding pending in any court of common pleas, municipal court, or county court unanimously may choose to have the action or proceeding in its entirety referred for adjudication, or to have any specific issue or question of fact or law in the action or proceeding submitted for determination, to a judge of their choosing who has registered with the clerk of that court in accordance with division (A) of this section."
 {¶ 28} R.C. 2701.10(B)(1) further provides that the parties shall enter into a written agreement. It also specifies what the written agreement shall contain.
 {¶ 29} R.C. 2701.10(C) states:
 {¶ 30} "Upon the entry of an order of referral or submission in accordance with division (B)(2) of this section, the retired judge to whom the referral or submission is made, relative to the action or proceeding referred or the issue or question submitted, shall have all of the powers, duties, and authority of an active judge of the court in which the action or proceeding is pending. * * *"
 {¶ 31} The complaint under review here does not challenge the jurisdiction of respondent to render the divorce decree. However, the complaint does allege that respondent has no jurisdiction over the post-decree matter.
 {¶ 32} The parties consent does not confer subject matter jurisdiction on a retired judge. Rather, the statute, R.C. 2701.10, in accordance with Sections 4(B), Article IV, Ohio Constitution, confers the subject matter jurisdiction. Huffman v. Huffman, Franklin App. No. 02AP-101, 2002-Ohio-6031, at ¶ 38.
 {¶ 33} In Huffman, this court wrote:
 {¶ 34} "Subject matter jurisdiction is only one form of jurisdiction. State v. Swiger (1998), 125 Ohio App.3d 456, 462; Bureau of Support v. Brown (Nov. 6, 2001), Carroll App. No. 00APO742. See, also, State v. Parker, 95 Ohio St.3d 524, 529, 2002-Ohio-2833. `Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear.' (Emphasis added.) State ex rel. Wright v. Griffen (July 1, 1999), Cuyahoga App. No. 76299. See, also, Swiger at 463, agreeing with In the Matter of Waite (1991), 188 Mich. App. 189, 199-200 * * *. Subject matter jurisdiction focuses on whether the court is the proper forum to hear the class of cases within which a particular case falls, such as common pleas court, municipal court, or juvenile court. Swiger at 462.
 {¶ 35} "In contrast, jurisdiction of the particular case, otherwise referred to as the `exercise' of jurisdiction, is the trial court's authority to decide a particular case within the class of cases within its subject matter jurisdiction. Id.; Griffen; Brown. Compliance with statutory requirements or procedural prerequisites are components of a court's exercise of jurisdiction. * * *" Id. at ¶ 39-40. (Emphasis sic.)
 {¶ 36} Here, the common pleas court's subject matter jurisdiction over post-decree matters, i.e., the contempt motion, is not actually being challenged. Clearly, the common pleas court has subject matter jurisdiction under R.C. 3105.011 over post-decree motions for contempt.
 {¶ 37} The complaint does not challenge respondent's initial jurisdiction over the divorce action. It in fact alleges that respondent rendered a decision and judgment entry pursuant to the R.C. 2701.10
assignment. The complaint does, however, challenge respondent's jurisdiction over a post-decree matter. That is not a challenge to the subject matter jurisdiction of the common pleas court or of respondent acting as an assigned judge under R.C. 2701.10. Huffman, supra.
 {¶ 38} Because this action does not actually challenge the subject matter jurisdiction of the common pleas court or of respondent, the complaint fails to state a claim upon which relief in prohibition can be granted.
 {¶ 39} Accordingly, it is the magistrate's decision that this court grant the motion to dismiss filed by intervenor Karen Huffman.