OPINION JUDGMENT ENTRY
{¶ 1} Appellant Wachovia Securities, Inc. appeals the decision of the Court of Common Pleas, Tuscarawas County, which granted a dismissal in favor of Appellee Dominic F. Gangale[1] in appellant's action to confirm an arbitration award. The relevant facts leading to this appeal are as follows.
 {¶ 2} In 1999, the Gangales allegedly established a margin account with First Union Brokerage Services, Inc., a predecessor to Appellant Wachovia. Thereafter, the Gangales allegedly engaged in trading on the margin account which resulted in a debit balance of over $240,000. Appellant filed for an arbitration proceeding with the National Association of Securities Dealers ("NASD"), resulting in a panel award in appellant's favor in the amount of $279,319.21, plus interest.
 {¶ 3} On January 16, 2002, the Gangales filed an application to vacate the arbitration award in the United States District Court, Northern District of Ohio. Appellant answered, and filed a counterclaim for confirmation of the award pursuant to the Ohio Arbitration Act. On May 14, 2003, the federal court granted appellant's motion for summary judgment dismissing the Gangales' application, but made no ruling on appellant's counterclaim for confirmation.
 {¶ 4} Apparently concluding that the federal court could decline to exercise its pendant jurisdiction over the state law based claims, appellant filed separate complaints in different forums pursuant to the Federal and Ohio Arbitration Acts. Appellant filed a complaint in the United States District Court for the Northern District of Ohio (the federal jurisdiction of the Gangales' residence); in the United States District Court for the Southern District of Ohio (the jurisdiction in which the arbitration award was purportedly rendered), and in the Tuscarawas County Court of Common Pleas (the state jurisdiction of the Gangales' residence).
 {¶ 5} On October 21, 2002, appellant thus filed a complaint in the Tuscarawas County Court of Common Pleas seeking confirmation of the NASD arbitration award. After unsuccessfully seeking a stay of proceedings, the Gangales filed a motion for leave to file an answer instanter. Shortly thereafter, the Gangales filed a motion to dismiss, citing Civ.R. 12(B). They attached thereto a certificate of service wherein Appellee Dominic indicated he had sent a copy of the motion to dismiss by ordinary U.S. Mail to appellant's counsel. On February 24, 2003, the court issued a "Schedule for Non-Oral Considerations," indicating that the court intended to consider the Gangales' motion to dismiss.[2]
 {¶ 6} On July 16, 2003, the trial court granted the motion to dismiss, citing Civ.R. 41(B)(1). Appellant's complaint against the Gangales was thereby dismissed with prejudice.
 {¶ 7} Appellant thereupon filed a motion for relief from judgment as to the dismissal, citing Civ.R. 60(B)(1) and (B)(3). Appellant therein claimed, inter alia, that its counsel had never received a copy of the Gangales' motion to dismiss or a copy of the court's "Schedule for Non-Oral Considerations." Appellant also timely filed a notice of appeal of the judgment entry of dismissal. Appellant therewith requested a limited remand by this Court for the purpose of allowing the trial court to rule on the 60(B) motion. We granted the request for limited remand; however, on October 23, 2003, the trial court denied appellant's 60(B) motion for relief from judgment.
 {¶ 8} Appellant herein raises the following two Assignments of Error:
 {¶ 9} "I. The trial court erred when it granted the motion to dismiss and, pursuant to Civ. R. 41(B), dismissed the complaint with prejudice.
 {¶ 10} "II. The trial court erred when it denied plaintiff's motion for relief from judgment."
 I. {¶ 11} In its First Assignment of Error, appellant contends the trial court erred when it dismissed appellant's complaint with prejudice. We agree.
 {¶ 12} The Gangales' motion to dismiss of February 14, 2003 generically cites Civ.R. 12(B), but specifically alleged that the NASD arbitration award at issue was the subject of federal litigation in pending separate actions. The Gangales thus alleged that "[c]learly [appellant's] actions in filing three separate claims constitute harassment." Motion to Dismiss at 1. Appellant correctly notes that because the Gangales' raised no challenge to subject matter or personal jurisdiction, venue, service of process, or failure to join a party, the only remaining subsection under which the motion to dismiss would fall is Civ.R. 12(B)(6).
 {¶ 13} We have previously held that where a motion to dismiss contained materials and evidence outside of the pleadings, such motion should have been converted to a motion for summary judgment. See Wellman v. Wheeling Lake Erie Ry. Co. (Dec. 29, 1999), Stark App. No. 1999CA00161, citing Nelson v. Pleasant
(1991), 73 Ohio App.3d 479, 597 N.E.2d 1137. Appellant also citesState ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 97, for the proposition that a court must notify all parties that it has converted a motion to dismiss for failure to state a claim (Civ.R. 12(B)(6)) into a motion for summary judgment. In the case sub judice, there is nothing in the record indicating the trial court issued such a notice. As such, we find any reliance on Civ.R. 12(B)(6) as grounds for dismissal to be in error under the circumstances of this case.
 {¶ 14} Appellant next challenges the reliance on Civ.R. 41(B)(1) in the trial court's judgment entry of dismissal. Said rule reads as follows: "Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." In the case sub judice, there was indeed no motion by the Gangales or by the court specifically pertaining to dismissal under Civ.R. 41(B)(1), or any court order with which appellant had failed to comply. See Moore v. Emmanuel FamilyTraining Center, Inc. (1985), 18 Ohio St.3d 64, 70, citingSvoboda v. Brunswick (1983), 6 Ohio St.3d 348, 349. However, although appellant later asserted in its 60(B) motion that it was not served with the Gangales' motion to dismiss, the Ohio Supreme Court has held that the filing of a motion to dismiss is adequate to provide implied notice to a plaintiff that the case could be dismissed with prejudice pursuant to Civ.R. 41(B)(1). SeeBuckeye Check Cashing, Inc. v. Evans, Logan App. No. 8-02-29, 2003-Ohio-981, citing Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46.
 {¶ 15} Certainly, the decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Jones v.Hartranft (1997), 78 Ohio St.3d 368, 371. Nonetheless, as we noted in Palacios v. Gruen (Dec. 26, 1989), Knox App. No. 89-CA-29, whenever possible, claims and defenses should be addressed on their merits. Id., citing Maritime Manufacturers,Inc. v. Hi-Skipper Marina (1982), 70 Ohio St.2d 257. Thus, "[t]he extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." Id, citing Moore, supra, at 70. A trial court should consider whether or not a party's conduct is "so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice * * *." Quonset Hut at 48. Upon review of the record, we are unconvinced that proof of such conduct on the part of appellant was presented to the trial court under the facts and circumstances of this case. The only failure on appellant's part was the lack of a written response to the motion to dismiss, service of which appellant has subsequently disputed on the record. Accordingly, we hold it was an abuse of discretion to dismiss appellant's action with prejudice for failure to prosecute in this matter.
 {¶ 16} Appellant's First Assignment of Error is sustained.
 II. {¶ 17} In its Second Assignment of Error, appellant argues the trial court erred in denying its motion for relief from judgment.
 {¶ 18} Based on our conclusion regarding appellant's First Assignment of Error, the present arguments as to the motion for relief from judgment are moot. We therefore decline to address appellant's Second Assignment of Error.
 {¶ 19} For the foregoing reasons, the July 16, 2003 judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J., Farmer, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to appellee.
[1] Appellant filed its action against both Dominic and Dale Gangale, and these two defendants responded with joint pro se pleadings which were accepted by the trial court. However, only Dominic has filed a brief herein as an appellee. In this opinion, we will refer to Dominic and Dale as "the Gangales" when speaking of them together.
[2] The issuance of the schedule is not reflected in the trial court's docket. However, appellee attached a copy of the schedule as an exhibit to his objection/response to appellant's motion for relief from judgment. The schedule states that no appearance is necessary for non-oral considerations.