[Cite as *Monroe v. Forum Health*, 2012-Ohio-6133.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CHARLES MONROE, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2012-T-0026** |
| FORUM HEALTH, d.b.a. TRUMBULL MEMORIAL HOSPITAL, et al., | : | |
| | : | |
| Defendants-Appellees. | | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2009 CV 448.

Judgment: Affirmed in part, reversed in part, and remanded.


*Laurel A. Matthews,* Matthews & Assoc. Co., LPA, 4471 Buckeye Lane, Dayton, OH 45440 (For Plaintiffs-Appellants).

*Marshall D. Buck* and *Bobbie L. Flynt*, Comstock, Springer & Wilson Co., L.P.A., 100 Federal Plaza East, #926, Youngstown, OH 44503 (For Defendants-Appellees).


DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants, Charles and Joan Monroe, appeal from the March 1, 2012 Judgment Entry of the Trumbull County Court of Common Pleas, granting defendants-appellees, Forum Health, dba Trumbull Memorial Hospital, Marshall D. Buck, Comstock, Springer, & Wilson Co., L.P.A., Dawn Dominic, and Forum Health at Home's, Motion to Dismiss. The issues to be determined by this court are whether a Spoliation of Evidence claim can be dismissed pursuant to a Civ.R. 12(B)(6) motion

when the spoliation of evidence may have been discovered during a previous suit, whether a Fraud claim is pled with particularity when the claim fails to state the consequences of the alleged fraud, and whether a claim for a violation of the Ohio Consumer Sales Practices Act can be pursued against a hospital. For the following reasons, we affirm in part, reverse in part, and remand the decision of the trial court.

{¶2} On February 18, 2009, the Monroes filed a Complaint against Forum Health, Marshall D. Buck, Comstock, Springer, & Wilson Co, L.P.A., Dawn Dominic, and Forum Health at Home, as well as Celtic Healthcare of N.E. Ohio and Snapshots, asserting four counts. Under Counts One and Two, they asserted claims for Spoliation of Evidence, arguing that all of the defendants destroyed, altered, or falsified various medical records and bills related to Charles Monroe's medical treatment. The claims alleged that these records were altered or destroyed "for the express purpose of disrupting" a medical malpractice case previously filed and litigated by the Monroes in Trumbull County Court of Common Pleas Case No. 2007 CV 2107. They asserted that the case had been tried to a jury, judgment was entered in favor of the defendants, and the spoliation of the evidence had resulted in the disruption of the Monroes' case.

{¶3} Under Count Three, the Monroes asserted Fraud against Forum Health, arguing that it falsely misrepresented and/or billed Charles Monroe for treatment and tests that were either not rendered or Forum Health was not entitled to be compensated for rendering.

{¶4} In Count Four, the Monroes asserted that Forum Health violated R.C. 1345, the Ohio Consumer Sales Practices Act (CSPA), by committing unfair or deceptive acts as a supplier of medical services.

2

**{¶5}** On March 3, 2009, Forum Health, Buck, Comstock, Springer, & Wilson, Dominic, and Forum Health at Home, filed a Motion to Dismiss, pursuant to Civ.R. 12(B)(6). In the Motion, they argued that the Spoliation claims were not brought in a timely fashion, the claims were barred by both immunity and res judicata, the Fraud claim was not pled with sufficient particularity, and the Monroes failed to state a claim related to the CSPA.

**{¶6}** On March 11, 2009, the Monroes filed a Brief in Opposition to the Motion to Dismiss.

**{¶7}** On March 16, 2009, Celtic Healthcare filed a Motion to Dismiss. The Motion raised similar grounds for dismissal as the other defendants' Motion, arguing that the Spoliation claims were not brought in a timely fashion and that the claims were barred by immunity and res judicata. A Brief in Opposition was filed by the Monroes on March 24, 2009.

**{¶8}** On March 20, 2009, a Notice of Filing of Bankruptcy Petition and request for a stay was filed by Forum Health. On March 27, 2009, a Judgment Entry was issued by the trial court, staying proceedings pending further order of the bankruptcy court.

**{¶9}** On March 30, 2009, Snapshots filed an Answer and Counterclaim, asserting that they had been improperly named as "Snapshots" and should be identified as Natalie, Inc. Natalie, Inc. filed a Third Party Complaint on the same date against the Monroes' attorney, Laurel Matthews.

**{¶10}** On April 3, 2009, the Monroes filed a Motion to Amend to Add a Claim for Civil Conspiracy and a Party Pursuant to Civ.R. 15. In the Motion, they requested to

3

add a Civil Conspiracy complaint against all named defendants. They also requested to add Natalie, Inc. as a defendant.

**{¶11}** On May 13, 2009, the trial court filed a second Judgment Entry, stating that the case was stayed due to bankruptcy filings and removing the case from the active docket. A motion to remove the stay was filed by Forum Health on November 16, 2011.

**{¶12}** A Notice of Voluntary Dismissal was filed on February 29, 2012, in which the parties agreed that the Monroes would dismiss their claims against Natalie, Inc. and Herb Doe, and that Natalie, Inc. would dismiss its third party claim and its counterclaim against the Monroes.

**{¶13}** On March 1, 2012, the trial court issued a Judgment Entry, granting Forum Health, Buck, Comstock, Springer, & Wilson, Dominic, and Forum Health at Home's Motion to Dismiss. In its Judgment Entry, the trial court stated that it had reviewed the defendants' motion and found it well taken. The court noted that the Monroes had "failed to file a responsive pleading to the motion to dismiss." The court further noted that the claims against Herb Doe and Natalie, Inc., dba Snapshots, had been voluntarily dismissed. It found that the claim against defendant Celtic Healthcare had previously been dismissed. It ultimately concluded that all claims asserted in the Monroes' action had been resolved or dismissed.

**{¶14}** The Monroes filed a Motion for Relief from Judgment Pursuant to Civ.R. 60 on March 16, 2012, asserting that the trial court erred in finding the Monroes failed to file a responsive pleading to the defendants' Motion to Dismiss. A review of the docket indicates that the trial court has not ruled on that motion.

4

{¶15} On September 14, 2012, this court issued a Judgment Entry, noting that the trial court's March 1, 2012 Judgment Entry stated that the claims against Celtic Healthcare had "previously been dismissed," but that the record did not show that such claims had been dismissed. The Entry remanded the matter to the trial court and ordered it to issue a judgment clarifying the matter.

{¶16} The trial court issued a Judgment Entry on September 20, 2012, stating that it inadvertently failed to dismiss the claims against Celtic Healthcare. The court noted that it had "reviewed the motion, memoranda, pleadings, exhibits and the relevant applicable law" and granted Celtic Healthcare's Motion to Dismiss.

{¶17} The Monroes timely appeal and raise the following assignments of error:

{¶18} "[1.] A. The Trial Court's Determination That Plaintiffs-Appellants Failed To File A Pleading in Response to the Motion to Dismiss Filed by Defendant-Appellees Forum Health, et al., Was Erroneous and Contrary To The Court's Official Docket[.] B. The Trial Court's Finding That Defendant Celtic Health Care of N.E. Ohio, Inc. Had Previously Been Dismissed from the Action Was Erroneous.

{¶19} "[2.] The Trial Court Committed Reversible Error by Failing to Consider Plaintiffs-Appellants' Brief in Opposition to Appellees' Motion to Dismiss and the Further Failure, Or Refusal, To Consider Their Motion for Relief From Judgment Pursuant to Civ. R. 60.

{¶20} "[3.] The Trial Court Considered Matters Beyond Its Proper Scope On A Motion To Dismiss Pursuant to Civ. R. 12(B)(6) Such That Its Ruling Was Erroneous As A Matter of Law."

5

**{¶21}** Appellees initially argue that the Judgment Entry from which the Monroes appeal is not a final order, since the trial court improperly stated that the claims against Celtic Healthcare had been dismissed and these claims remain pending in the trial court.

**{¶22}** However, upon remand, the trial court noted that it had inadvertently failed to dismiss the claims against Celtic Healthcare and granted Celtic Healthcare's Motion to Dismiss. At the present time, all claims against all parties have been disposed of by the trial court and there is no reason to delay consideration of the present appeal.

**{¶23}** In the present matter, the errors raised by the Monroes generally arise from the trial court's Judgment Entry granting the Forum Health defendants' Motion to Dismiss. As a general rule, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). "In reviewing a judgment involving a Civ.R. 12(B)(6) motion to dismiss, an appellate court conducts a de novo review of the complaint to determine whether the dismissal was appropriate." (Citations omitted.) *Masek v. Marroulis*, 11th Dist. No. 2007-T-0034, 2007-Ohio-6159, ¶ 24.

**{¶24}** In construing the complaint, an appellate court must "limit its inquiry to the material allegations contained in the complaint and accept those allegations and all reasonable inferences as true." (Citation omitted.) *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163, 644 N.E.2d 731 (9th Dist.1994). Accepting all factual allegations as true, a complaint should not be dismissed unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v.*

6

*Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. "'[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" (Citations omitted.) *Goss v. Kmart Corp.*, 11th Dist. No. 2006-T-0117, 2007-Ohio-3200, ¶ 20.

{¶25} This court has further held that in applying civil rules, including Civ.R. 60(A), this application "is a question of law, which we review *de novo.*" *Home Savings & Loan Co. v. Great Lakes Plaza, Ltd.*, 11th Dist. Nos. 2011-L-168, et al., 2012-Ohio-3420, ¶ 12.

{¶26} In their first assignment of error, the Monroes raise several arguments. First, they assert that the trial court's determination that they failed to file a responsive pleading to the defendants' Motion to Dismiss was erroneous.

{¶27} A review of the record reveals that the Monroes did file a responsive pleading to Forum Health, et al.'s Motion to Dismiss, entitled "Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss Pursuant to Civ.R. 12(B)(6)," on March 11, 2009. The trial court's statement that no responsive pleading was filed does not accurately reflect the record. Although the Monroes argued that they were "prejudiced" by this failure, they advance no argument to support this contention. The Monroes do not argue how the result would have been different had the trial court considered their responsive pleading. The trial court stated that it considered the issues raised in the Motion to Dismiss and the related case law. All of the issues raised in the Motion to Dismiss were legal issues, such that the response would not have been necessary to point to any factual issues or clarify the facts. *See* R.C. 2501.02 (a lower court's

7

decision will be reversed upon a finding of prejudicial error). Moreover, to the extent that the trial court made any error related to the dismissal of the counts based on the grounds provided in the Motion to Dismiss, it will be further reviewed in the third assignment of error.

{¶28} The Monroes also appear to assert that, pursuant to Civ.R. 60(A), the trial court made a clerical mistake by finding that they did not file a responsive pleading to the Motion to Dismiss. Under Civ.R. 60(A) "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." During the pendency of an appeal, after the appeal is docketed with the appellate court, such mistakes can be corrected with leave of the appellate court. Civ.R. 60(A).

{¶29} We note that the trial court has not taken action to make any corrections, although a Civ.R. 60 motion was filed with the trial court. The Monroes did not seek leave of this court to correct the mistake. Moreover, it is not clear whether the trial court's failure to consider the responsive pleading was a clerical mistake or instead something more. *See In re D.H.*, 4th Dist. No. 10CA2, 2011-Ohio-601, ¶ 26 (rejecting appellant's assignment of error when she did not seek leave to correct the clerical mistake in the entry and it was not clear from the record that the error "constitute[d] a pure clerical error subject to correction pursuant to Civ.R. 60(A)"). Based on the foregoing, we cannot order the trial court to amend its Judgment Entry to correct the alleged clerical error.

{¶30} Finally, the Monroes state that the trial court erroneously found that Celtic Healthcare had been dismissed when no such dismissal occurred. However, as explained above, this was remedied upon remand, where the trial court granted Celtic's Motion to Dismiss.

{¶31} The first assignment of error is without merit.

{¶32} In their second assignment of error, the Monroes again present the argument that the trial court failed to consider their response to the Motion to Dismiss. As was discussed in the first assignment of error, this argument is without merit.

{¶33} Additionally, in the text of this assignment of error and issue presented for review, the Monroes argue that the trial court erred through its "failure, or refusal," to consider their motion for relief from judgment under Civ.R. 60(B).[1] However, they present no additional argument in support of this issue. The Monroes' Civ.R. 60(B) motion filed with the trial court, in which they requested relief from judgment due to the trial court's failure to consider their Brief in Opposition to the Motion to Dismiss, has not been ruled on by the trial court. The Monroes provide no support for their apparent contention that the trial court erred by failing to rule on the motion. This court cannot address the merits of a Civ.R. 60(B) motion, since there is no judgment before us in which the trial court has ruled on the motion. *See Troutman v. Hartford Fire Ins. Co.*, 9th Dist. No. 20583, 2001 Ohio App. LEXIS 5073, *16 (Nov. 14, 2001) ("as the Civ.R. 60(B) motion is still pending before the trial court, the issues raised in this assignment of error are not yet ripe for review; therefore, we decline to address them").

---

1. Although the Monroes identify their motion in this assignment of error as a Civ.R.60(B) motion, they also assert that it is a Civ.R. 60(A) motion, as discussed in the first assignment of error.

9

**{¶34}** Moreover, had the Monroes felt that a ruling on their motion for relief from judgment was necessary prior to this court's consideration of their appeal, they could have requested a stay of the appeal and a remand to the trial court for consideration of its motion for relief from judgment, but failed to do so. *See Id.*; *Wiltz v. Moundbuilders Guidance Ctr.*, 5th Dist. No. 11-CA-22, 2012-Ohio-1798, ¶ 46 (the "trial court correctly did not rule on Appellant's request for relief because it lacked jurisdiction to do so," given that the matter had been appealed and the appellant did not seek a remand to the trial court). Given that the trial court had only a few days to rule on the Civ.R. 60 motion before the Monroes filed their notice of appeal, divesting the lower court of jurisdiction, we cannot say that the trial court erred by failing to rule on the motion.

**{¶35}** The Monroes also argue that the claims in their Complaint cannot be dismissed on a Civ.R. 12(B)(6) motion. They assert that the Motion to Dismiss was predicated on "evidentiary materials, affirmative defenses and other avoidances that are beyond the proper scope of a Court's consideration on a Motion to Dismiss." They further argue that if the trial court considered matters outside of the Complaint, it converted the Motion to Dismiss into a motion for summary judgment and failed to give the required notice to the parties.

**{¶36}** It is the trial court's "responsibility either to disregard extraneous material or to convert a motion to dismiss into a motion for summary judgment when additional materials are submitted." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 18. If a Civ.R. 12(B)(6) motion presents matters outside the pleading, "and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment." Civ.R. 12(B). Prior to converting a motion to

10

dismiss for failure to state a claim into a motion for summary judgment, a trial court must give actual notice to the parties and provide an opportunity to respond. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97, 563 N.E.2d 713 (1990).

{¶37} In the present matter, there were no additional evidentiary materials submitted with the Motion to Dismiss for the trial court to consider. There is also no indication that the trial court intended to rule on matters outside of the Complaint, and no statement by the court that it had converted the Motion to Dismiss into a summary judgment motion. Based on the record, we cannot find that the Motion to Dismiss was improperly converted into a motion for summary judgment, such that notice was required to the Monroes. To the extent that certain grounds or defenses are inappropriate to rule on in a motion to dismiss, these will be addressed within the third assignment of error's analysis regarding whether the trial court properly granted the Motion to Dismiss on each of the claims raised by the Monroes.

{¶38} The second assignment of error is without merit.

{¶39} In their third assignment of error, the Monroes argue that there was no basis for the trial court to dismiss any of their claims based on the defenses and arguments raised in the defendants' Motion to Dismiss.

{¶40} As an initial matter, we note that the trial court did not provide its specific reasons for granting the defendants' Motion to Dismiss. It instead stated only that it had reviewed the motion and the case law and "finds the motion is well taken and it is hereby sustained." Therefore, we must consider the grounds raised in the Motion to Dismiss to determine whether the dismissal of the Monroes' claims was proper.

11

{¶41} One ground for dismissal raised by the defendants was that the Monroes' claims were barred by res judicata and should have been raised in the prior malpractice lawsuit.

{¶42} However, "[t]his court and others have concluded, under Civ.R. 8(C), that '[r]es judicata is an affirmative defense,' which 'must be pleaded' and 'cannot be raised by [a] motion [to dismiss].'" (Citation omitted.) *JP Morgan Chase Bank v. Ritchey*, 11th Dist. No. 2006-L-247, 2007-Ohio-4225, ¶ 22; *Nelson v. Pleasant*, 73 Ohio App.3d 479, 482, 597 N.E.2d 1137 (4th Dist.1991); *Hamrick v. Daimler-Chrysler Motors*, 9th Dist. No. 02CA008191, 2003-Ohio-3150, ¶ 7. *Accord Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 21, 688 N.E.2d 506 (1998) ("the defense of *res judicata* may not be raised by a motion to dismiss under Civ.R. 12(B)") (citation omitted).

{¶43} Since appellees raised the issue of res judicata in a motion to dismiss, rather than in a responsive pleading or a motion for summary judgment, we conclude that it would have been improper for the trial court to grant the motion to dismiss on this ground. *JP Morgan* at ¶ 23.

{¶44} The appellees also argued in their Motion to Dismiss that the claims raised by the Monroes were barred as to all defendants because they had immunity. They first argued that Attorney Buck and Comstock, Springer, and Wilson Co., L.P.A., were protected by attorney-client privilege against the Spoliation claims.

{¶45} In the present matter, we cannot find that the immunity defense can be applied to dismiss the Spoliation claims against Attorney Buck and Comstock, Springer, and Wilson at this stage in the proceedings. Regarding the issue of attorney immunity, it has been held that "an attorney may not be held liable by third parties as a result of

12

having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice." *Simon v. Zipperstein*, 32 Ohio St.3d 74, 76, 512 N.E.2d 636 (1987), citing *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d 158 (1984), paragraph one of the syllabus. In their Spoliation claim, the Monroes alleged that Buck and Comstock, Springer, and Wilson committed "malicious and/or fraudulent" conduct by participating in the intentional destruction of evidence. Therefore, when construing these assertions as true and accepting that the attorneys acted with malice, we cannot find that the Complaint against Attorney Buck and Comstock, Springer and Wilson can be dismissed at the Civ.R. 12(B)(6) stage. *See Id.* at 76-77 (finding an attorney's immunity defense applicable where appellee's complaint failed to set forth "special circumstances such as fraud, bad faith, collusion or other malicious conduct which would justify departure from the general rule" of immunity).

{¶46} The defendants further asserted that Forum Health, Dominic, and Forum Health at Home were immune from suit in connection with the proceedings in the prior malpractice case because they were parties or witnesses in the previous litigation, and that "witnesses in litigation are immune to all possible civil claims arising from their testimony."

{¶47} In support of this argument, the appellants cite *Liles v. Gaster*, 42 Ohio St. 631, 635 (1885), in which the Ohio Supreme Court stated that "language used in the ordinary course of judicial proceedings, whether by the judge, a party, counsel, jurors or witnesses, is protected if it be relevant to the matter under consideration, and the court have jurisdiction." As has been held by this court in applying *Liles*, "defamatory

13

testimony in a judicial proceeding which is material to the inquiry is privileged absolutely and cannot be the basis of an action for libel or slander even if the testimony is given maliciously and with knowledge of its falsity." *Rittenhouse v. Johnson*, 11th Dist. No. 9-050, 1982 Ohio App. LEXIS 13464, *11 (Dec. 10, 1982).

{¶48} Regarding the claim of immunity for the remaining defendants, it is argued they were immune due to the fact that they were witnesses in the prior malpractice lawsuit. However, the claim in the present matter alleges that these defendants destroyed evidence and made false claims regarding certain billing procedures, and it is not evident from the Complaint that these claims are specifically related to any testimony that may have been given in the prior lawsuit. This is not a claim that arises from their testimony, such as a libel or slander case. If all parties to a prior lawsuit or witnesses in those suits were immune to claims against Spoliation by virtue of being a party to, or testifying in, the prior suit, no party could prevail on such a claim. Again, at the Civ.R.12(B)(6) stage, we cannot find that there was a basis for dismissing the claims based on an immunity defense.

{¶49} Regarding the Spoliation claim specifically, the defendants argued in their Motion to Dismiss that the claim should have been raised in the previous malpractice trial, not in a separate lawsuit and, therefore, should be dismissed.

{¶50} The Monroes argue that their Complaint properly stated a claim for Spoliation.

{¶51} A plaintiff must prove the following elements to recover on a claim for Spoliation of Evidence: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful

14

destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037 (1993). It has been held that "claims for spoliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action." *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001); *Ciganik v. Kaley*, 11th Dist. No. 2004-P-0001, 2004-Ohio-6029, ¶ 30.

{¶52} In the present matter, it was not asserted that the Monroes failed to plead the elements of Spoliation outlined above. Instead, it was argued that they should not be allowed to proceed on the Spoliation claim because the evidence of spoliation was discovered during the prior lawsuit.

{¶53} We find that this claim should not have been dismissed at this stage of the proceedings. The Monroes pled the foregoing elements of their claim. These elements do not require the plaintiff to plead the time during which the evidence of spoliation was discovered. To the extent that this court has found spoliation of evidence cannot be pursued in a separate lawsuit due to earlier discovery of the issue, such proceedings were at the summary judgment stage, where facts had been discovered regarding this issue. *Ciganik* at ¶ 32. *See also Davis* at 490-491 (where the trial court ruled in favor of the defendant on a spoliation claim due to the plaintiff's failure to raise the claim in a prior lawsuit, this determination was made at the summary judgment stage). In the present matter, the allegations made by the Monroes in their Complaint were of a general nature, including claims that evidence was "altered, * * * destroyed, falsified,

15

and/or concealed," with the exception of their specific assertions that the spoliated evidence was related to a 2007 medical malpractice suit and testimony was given that certain medical records had been sold. No further discovery has been conducted to determine whether all information related to the spoliation of evidence was discovered during the prior trial. In addition, it appears that this defense is similar to a res judicata defense, in that the defendants asserted the claim could not be raised since the plaintiffs had previously done so or had the chance to do so. As noted previously, a res judicata defense cannot be raised at this stage of the proceedings. *JP Morgan*, 2007-Ohio-4225, at ¶ 22. Therefore, the trial court erred in dismissing the Spoliation claims in Count One and Two of the Monroes' Complaint.

**{¶54}** As to the Fraud claim, the Monroes argue that it should not have been dismissed because the necessary averments were made in Count Three of their Complaint.

**{¶55}** "[S]ince Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Civ.R. 8(A)(1) requires that a complaint include only "(1) a short and plain statement showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." However, Civ.R. 9(B) provides that when a complainant alleges a claim for fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity."

**{¶56}** In order to meet this obligation, the complaint must include "the time, place and content of the false representation; the fact represented; the identification of the

16

individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud." (Citation omitted.) *Brown v. Sasak*, 11th Dist. No. 2009-A-0054, 2010-Ohio-2676, ¶ 16.

{¶57} In the Monroes' Complaint, under their Fraud Count, they asserted the following:

36. Defendants Forum Health falsely misrepresented, with knowledge of that falsity, and/or with such utter disregard and reckless[ness] as to whether true or false that knowledge can be inferred, and with the intent of misleading Plaintiff Charles Monroe, and/or billed him for medical treatments and/or diagnostic tests, and/or services purportedly rendered between October 1-October 18, 2006, that they did not render and/or were otherwise not entitled to be compensated for rendering.

{¶58} In the present matter, we find that the Monroes did not plead their Fraud claim with sufficient particularity and it was proper for the trial court to dismiss that claim. Although the Monroes assert that they were improperly billed for certain services in October, they do not assert when the false statements about the services rendered were made or when the bills were sent. They also did not explain which specific services Monroe was falsely led to believe had been rendered. Finally, the Monroes failed to show what was given or obtained as a consequence of the alleged fraud. Although they assert that they were billed for such services, there is no allegation regarding the payment made for these services. Therefore, we cannot find that anything was given to or obtained by Forum Health as a consequence of the fraudulent action. *See Hailey v. MedCorp, Inc.*, 6th Dist. No. L-05-1238, 2006-Ohio-4804, ¶ 32-33

17

(where the plaintiff alleged that she was overbilled but made no further allegations regarding the effect of this overbilling, she failed to provide an indication of what was obtained or given as a consequence of the fraud).

{¶59} The Monroes further argue that their Complaint stated a claim for violations of the Ohio Consumer Sales Practices Act and, therefore, the trial court erred in dismissing this claim.

{¶60} The appellants argue that the CSPA does not apply to any actions related to medical claims, since physicians are specifically exempted under R.C. 1345.01(A).

{¶61} In the Complaint, the Monroes averred the following:

41. Defendant Forum Health committed unfair and/or deceptive acts [as] a supplier, including acts committed with actual malice, in connection with, during, and/or after, consumer transactions entered into with Plaintiff Charles Monroe, including, but not limited to, representing that certain services, tests, treatments, supplies, and/or other subject matter of consumer transactions, were supplied, when they were not, in violation of O.R.C. 1345.02.

42. Defendant Forum Health, FHH, and/or Celtic, committed unconscionable acts and/or practices as suppliers, * * * including, but not limited to, knowingly taking advantage of Charles Monroe's inability to reasonably protect his interests because of his physical or mental infirmities, and/or inability to understand the language of an agreement in violation of O.R.C. 1345.03.

{¶62} Pursuant to R.C. 1345.01(A), a "consumer transaction" does not include a transaction between "physicians * * * and their clients or patients."

18

{¶63} The Monroes did not file their claims against an individual physician but against Forum Health, doing business as Trumbull Memorial Hospital. Various courts have held that CSPA claims can be raised against hospitals or medical service providers, since they are not specifically exempted by the statute. *Summa Health Sys. v. Viningre*, 140 Ohio App.3d 780, 795, 749 N.E.2d 344 (9th Dist.2000) ("[w]hile transactions with physicians are exempted from the CSPA, a transaction between a service provider such as a hospital and the consumer is not clearly exempted"); *Elder v. Fischer*, 129 Ohio App.3d 209, 215, 717 N.E.2d 730 (1st Dist.1998) (hospitals must abide by the CSPA).

{¶64} The appellees argue that claims can be pursued against medical service providers only when they relate to billing. As an initial matter, it appears that the Monroes' claim is related to billing at least to some extent, since it involves representations of services that were provided for the purpose of receiving payment. Moreover, the CSPA has been applied to hospitals even as it relates to specific medical treatments. *See Summa Health* at 795 (where appellant contended that the hospital "engaged in a deceptive manner in a consumer transaction by making representations about the hospital services it was offering * * * prior to her surgery and then materially alter[ed] those representations after the surgery was performed," a claim for a violation of the CSPA could be pursued). Therefore, we find that the trial court erred by dismissing the Monroes' CSPA claim against Forum Health based on the Civ.R. 12(B)(6) Motion to Dismiss.

{¶65} The third assignment of error is with merit to the extent discussed above.

{¶66} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, granting defendants-appellees, Forum Health, dba Trumbull Memorial Hospital, Marshall D. Buck, Comstock, Springer, & Wilson Co, L.P.A., Dawn Dominic, and Forum Health at Home's, Motion to Dismiss, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.